

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

Gerald C. Mann
PRICE DANIEL
ATTORNEY GENERAL

Honorable S. J. Isaacks, Chairman
Committee on Judiciary and Uniform State Laws
House of Representatives
Austin, Texas

Dear Mr. Isaacks:

Opinion No. O-5130
Re: Constitutional validity of a bill
proposing to transfer a balance
from a special fund to the Gen-
eral Fund.

Your request for an opinion from this department concern-
ing the above subject matter is as follows:

"Certain members of my Judiciary Committee
have under consideration a provision in a pending bill
creating an Administrative Board that sets up a sep-
arate fund in the State Treasury in which are paid fees
and collections, collected under the bill, and provides
that same shall be retained in a separate fund. An
amendment has been proposed to transfer from such
fund to the General Fund of the State all of the balance
remaining at the end of each fiscal year over the sum
of five thousand dollars ($5,000.00).

"Question has been raised as to the Constitu-
tionality of this proposed amendment -- first, as to
whether or not the provision to permit the sum of
five thousand dollars ($5,000.00) to remain in the
Special Fund would constitute an appropriation in
violation of Section 6 of Article 8 of the Constitution,
and second, whether or not the provision requiring
a transfer of all sums in excess of five thousand dol-
lars ($5,000.00) would constitute a diversion in viola-
tion of Section 7 of Article 8.

"At your convenience, I would appreciate having you advise whether or not the proposed amendment would violate the mentioned provisions of the Constitution and whether or not such an amendment would violate any further provisions of the Constitution."

It is the opinion of this department that the proposed amendment would not violate any provision of the Constitution, and such an act would be valid. We speak only with reference to the validity of the bill at this point.

It will be seen that the separate or special fund involved is not of constitutional origin but of legislative creation. While the fund is denominated a separate or special fund, nevertheless it is in contemplation of law, in the State Treasury when collected.

It is entirely within the prerogative of the legislature to provide not only for the accumulation of such funds, but likewise to appropriate them. This appropriation may be made by general law, or in the usual biennial appropriation bill. In either case, of course, perforce of the express terms of Section 6 of Article VIII of the Constitution, the appropriation may not be made for a longer term than two years.

This power of the Legislature to appropriate moneys from the treasury is not exhausted with the first appropriation, but balances in special funds, such as that under consideration, at the end of a prior appropriation may again be appropriated as in the beginning.

These conclusions have several times been announced by this department, notably in the following opinions: Nos. 0-658, 0-1182, 0-4832, 0-700.

Copies of these opinions will be supplied to you if needed.

Section 7 of Article VIII of the Constitution, limiting the power of the Legislature with respect to special funds, contemplates special funds created by the Constitution. The Legislature is not thus

limited with respect to special funds of its own creation.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

APPROVED MAR 18, 1943

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

OS-MR

APPROVED OPINION COMMITTEE BY B.W.B., CHAIRMAN